No. 1091.

JAMES M. THOMPSON VS. LUDGER LEMELLE ET AL.

When the value of the property, of which the seizure and sale is enjoined by a third person, is less than the appealable amount, the claim for damages on the dissolution of the Injunction, by the Execution plaintiff and Injunction defendant, cannot make up the amount and give this Court jurisdiction of the case.

APPEAL from the Thirteenth Judicial District Court, parish of St. Landry. *Hudspeth, J.*

---

John E. King and John N. Ogden for plaintiff and appellee :

The value of property seized under execution, the sale of which is enjoined by a third person claiming to be the owner, and not the amount of the writ, determines the right to appeal. Hennen's Digest, p. 19, No. 18.

The jurisdiction of the Supreme Court must be apparent from the pleadings. 25 An. 286.

In this case there is no allegation in the pleadings to show that the Supreme Court is vested with jurisdiction, and for this reason the appeal should be dismissed.

Richardson & Magruder, Jos. A. Breaux, and Kenneth Baillio for Defendants and Appellants.

---

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

TODD, J, The plaintiff, as third possessor of a tract of land, enjoins the execution of an order of seizure and sale directed against the property, claiming to be owner of the same, and denying the existence of the mortgage under which it is sought to sell the property.

There is a motion to dismiss the appeal, on the ground that the amount in dispute, or the value of the property claimed, does not exceed one thousand dollars, and this Court is, therefore, without jurisdiction *ratione materiæ*.

There is no averment in the pleadings in regard to the value of the property in controversy.

We find in the record an act of sale of the land, showing that in June, 1878, it was sold for $900, on a credit of one, two, and three years. This we must accept as the value of the land, and if this constitutes the amount in dispute, this Court is clearly without jurisdiction.

The value of the property, the sale of which is enjoined by a third person claiming to be owner, and not the amount of the writ, determines the right of appeal. 12 A. 48.

Thompson vs. Lemelle.

It is, however, urged that to this we must add the amount of the damages claimed by the defendants in the event of the dissolution of the injunction, and this addition would increase the amount in dispute to a sum within the jurisdiction of the Court.

We cannot entertain this demand for damages, or give it consideration, for the reason that this Court has recently held that where an order of seizure and sale is enjoined no damages can be allowed in the dissolution of the injunction, but the parties must be left to their recourse on the injunction bond. 31 A. 729.

The demand for damages in this suit cannot, therefore, be regarded as a real demand, and it is only a real demand, a legal demand, that can be considered in determining this question of jurisdiction. 16 L. 182; 17 L. 102; 3 R. 143; 1 A. 310; 4 A. 213; 6 A. 735; 7 A. 492; 10 A. 282; 15 A. 135.

It is therefore ordered that the appeal be dismissed without prejudice to the rights of the applicant to appeal within the time prescribed by law to the court having jurisdiction of the case.